UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT H., <br><br>                          Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of the Social Security Administration, <br><br>                          Defendant. | Case No.: 24cv0126-SBC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** <br><br> **[ECF No. 3]** |

On January 19, 2024, Albert H. ("Plaintiff") filed this Social Security appeal pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the denial of his application for Supplemental Security Income (ECF No. 1.) Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 3.) For the reasons set forth below, Plaintiff's motion to proceed IFP is **GRANTED**.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed [IFP] is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.

1965). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Here, Plaintiff submits an affidavit stating that he receives $868.00 a month from social security, and $291.00 in public-assistance, for a total of $1159.00 in monthly income. (ECF No. 3 at 1-2.) Plaintiff claims a 2000 Jeep, but no other assets. (*Id*. at 3.) For monthly average expenses, Plaintiff claims rent/home-mortgage payment of $300, food in the amount of $400, utilities in the amount of $100, and toiletries in the amount of $100, for a total of $900 in expenses each month. (*Id*. at 4-5.)

Plaintiff's affidavit sufficiently demonstrates an inability to pay the required filing fee without sacrificing the necessities of life. *See Adkins*, 335 U.S. at 339-40. Additionally, the Court has reviewed Plaintiff's complaint and concludes it is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  February 6, 2024

Hon. Steve B. Chu
United States Magistrate Judge